**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TYSON MARSHEK,

      Petitioner,                    Case No. 2:06-CV-12902
                                            HONORABLE AVERN COHN

v.

H.J. MARBERRY,

      Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2241. Petitioner Tyson Marshek (Petitioner) is a federal inmate at the Federal Correctional Institution in Milan, Michigan, where he is serving a sentence of seventy two months for bank robbery, 18 U.S.C. § 2113(a). Petitioner has filed a *pro se* petition for writ of habeas corpus, in which he claims a violation of his constitutional rights arising from a prison disciplinary hearing which resulted in the loss of twenty seven days good conduct time. Respondent, through the United States Attorney's Office, filed a response, arguing that the claims lack merit. Petitioner has filed a rebuttal to the response. Petitioner has also filed a motion to expedite the ruling. For the reasons which follow, the petition will be denied.

### II. Procedural History

Petitioner was sentenced by the United States District Court for the Southern District of Georgia to a 72-month term of imprisonment for bank robbery on August 14, 2003. Petitioner has a projected release date of June 17, 2008.

On March 31, 2004, while petitioner was incarcerated at the Federal Correctional

Institution in Oxford, Wisconsin, he was charged in an incident report with threatening a staff member, a Code 203, high category offense. Senior Officer Specialist M. Fournelle reported that after he denied petitioner's request for a book, petitioner stated "[y]ou muther fuckin' bitch I'll throw piss on you." A copy of the incident report was given to petitioner on April 1, 2004. There was a brief delay in delivering the report because it had to be rewritten.

The Unit Discipline Committee (UDC) met on April 2, 2004, and referred the matter to the Discipline Hearing Officer (DHO). Petitioner was given notice of the hearing before the DHO. At that time, he indicated that he wanted a staff representative, but did not wish to have any witnesses. Petitioner was further advised that the DHO hearing would be conducted via video conference. Petitioner also received written notice of his rights before the DHO, but refused to sign the form.

The DHO hearing was held on May 6, 2004. Petitioner denied making the statement to the officer, claiming that the officer had fabricated the allegation. The DHO hearing officer determined that petitioner was guilty of the violation, finding that the officer's report of the incident was more credible because of the officer's obligation to provide a truthful statement within the scope of his employment. Petitioner was sanctioned with disciplinary segregation for 21 days, disallowance of 27 days good conduct time, and the loss of commissary privileges for 45 days.

Petitioner appealed the disciplinary action to the North Central Regional Office and the Administrator of National Appeals who affirmed the hearing officer's decision.

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I.  The Federal Bureau of Prisons violated the petitioner's right to due process when it improperly refused him the right to call witnesses and improperly informed him that he could not call witnesses to defend his position against the charge of Threatening Another With Bodily Harm, received on March 31, 2004.

II.  The Federal Bureau of Prisons violated the petitioner's right to due process and a fair and impartial DHO hearing when it advised the petitioner that it did not matter who the petitioner called as a witness, as it would never go against the staff.

III.  The evidence relied upon to find the petitioner guilty of Threatening Another With Bodily Harm was insufficient to support it's finding of guilt.

IV.  As a result of the above violations, petitioner should be restored the 27 days of good time which was forfeited as a result of this incident.

### III.  <u>Analysis</u>

The petition must be denied for several reasons.

• First, although petitioner appealed his disciplinary action, there is no indication that he raised the first two claims about being denied the right to call witnesses or being deprived of a fair and impartial hearing in those administrative appeals.

A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief under to 28 U.S.C. § 2241.  The burden is on the habeas petitioner to prove exhaustion.  Petitioner did not present his first two claims to the Regional Director or to the Administrator of National Inmate Appeals during administrative review of his case.  Petitioner's failure to raise these claims before the Bureau of Prisons is a procedural default that bars habeas corpus review of these particular claims.

• Moreover, petitioner has failed to show that his claims have any merit.

Although petitioner contends that he was denied the right to call witnesses, there

3

is no evidence, other than petitioner's own allegations, to support this allegation.  A federal prisoner's unsupported allegation that he was denied the right to call witnesses at a prison disciplinary hearing is insufficient to support a due process claim. Petitioner's claim must also be rejected, because there is no evidence as to the content of the witnesses' testimony or any argument offered as to how their testimony would have helped his defense at the disciplinary hearing.

Petitioner's second claim is likewise without merit.  Although due process requirements for prison disciplinary hearings may be less demanding that those for a criminal prosecution, they are not so lax as to let the decision of a biased hearing officer stand.  An impartial decisionmaker, for purposes of a prison disciplinary hearing, "is one who, *inter alia*, does not prejudge the evidence and who cannot say....how he would assess evidence he has not yet seen."  *Patterson v. Coughlin,* 905 F. 2d 564, 570 (2nd Cir. 1990).

The only evidence that petitioner has offered in support of his second claim is an allegation that the UDC Officer, P. Shanks, told petitioner that neither the UDC or the DHO would ever rule against the staff.  However, there is no evidence that the DHO hearing officer was biased against petitioner.  Because the DHO, and not the UDC, served as the ultimate decisionmaker in petitioner's disciplinary hearing, petitioner's conclusory claim that the UDC officer was biased against him fails to establish that he was deprived of a fair and impartial hearing.

Petitioner lastly contends that there was insufficient evidence to support the hearing officer's finding that he threatened Officer Fournelle.  The Sixth Circuit has indicated that "[n]ot much evidence is required to support the action of a prison

4

disciplinary board." *Williams v. Bass,* 63 F. 3d 483, 486 (6th Cir. 1995).  Here, there was evidence to support the hearing officer's decision to find petitioner guilty of threatening a staff member.  Officer Fournelle's statement that petitioner threatened him was sufficient to support the DHO hearing officer's finding.  Petitioner is not entitled to habeas relief on this claim.

### IV.  Conclusion

For the reasons stated above, the petition for writ of habeas corpus is **DENIED** and the matter is **DISMISSED.**

**SO ORDERED.**

 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  December 18, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, December 18, 2006, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160